(No. 83-CV-0545—)

*In re* APPLICATION OF JOHN J. CAULFIELD.

*Opinion filed August 18, 1983.*

JOHN J. CAULFIELD, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on September 30, 1982. John J. Caulfield, father of the deceased victim, Michael Caulfield, seeks compensation pursuant to the provisions of the Crime Victims Com-

pensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on December 16, 1982, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased son, age 22, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1).

2. That on September 30, 1982, the victim was shot by an unknown offender while on duty as a Forest Park policeman. The incident occurred in the Forest Park Police Station, located at 517 Des Plaines Avenue in Forest Park, Illinois. As the victim was processing the offender for two traffic warrants, the offender grabbed a gun from the victim's partner and shot the victim and his partner. A third officer then shot the offender. The victim was taken to Foster McGaw Hospital where he was pronounced dead a short time later.

3. That the Claimant seeks compensation under the Act for funeral expenses only. Medical/hospital expenses of the victim were covered by workers' compensation. The Claimant was not dependent upon the victim for support.

4. That funeral and burial expenses were paid by the Claimant in the amount of $2,113.40. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.00. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

5. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

6. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

7. That the Claimant has received $1,750.00 from Workers' Compensation, $20,000.00 from the Illinois Law Enforcement Officers and Firemen Compensation Act, and $687.10 in life insurance as a result of the incident that can be counted as applicable deductions.

8. That after considering all the applicable deductions under the Act, the Claimant's net loss for which he seeks compensation is as follows:

| | |
|---|---|
| Funeral expenses | $ 2,113.40 |
| Less Workers' Compensation | – 1,750.00 |
| Less Illinois Law Enforcement Officers and Firemen Compensation Act | –20,000.00 |
| Less life insurance | – 687.10 |
| Less $200.00 deductible | – 200.00 |
| Net loss | 0.00 |

9. That section 6.1b of the Act limits the right of

compensation to persons who have suffered a pecuniary loss of $200.00 or more attributable to a violent crime resulting in the injury or death of the victim. The Claimant did not sustain a compensable loss under the Act after applicable deductions are considered. Ill. Rev. Stat. 1979, ch. 70, par. 76.1(b).

10. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.